**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ENNIYAH GREEN,<br><br>        Plaintiff,<br><br>v.<br><br>LVNV FUNDING, LLC,<br><br>        Defendant. | Civ. Action No. 24-396 (SDW) (ESK)<br><br>**WHEREAS OPINION**<br><br>March 19, 2024 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Defendant LVNV Funding, LLC's ("Defendant") motion to dismiss (D.E. 4 ("Motion")) *pro se* Plaintiff Enniyah Green's ("Plaintiff") Complaint (D.E. 1 ("First Complaint")) pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6), and this Court having review the parties' submissions; and

**WHEREAS** the facts of this case are straightforward.  Plaintiff claims that Defendant, a debt collector, violated its obligations under section 1692e(8) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(8), when it failed to accurately report that she was disputing a debt.  (*See generally* D.E. 1.)  Plaintiff asserts that Defendant's alleged violation of section 1692e(8) caused her to suffer reputational and emotional harm.  (*Id.* ¶ 13); and

**WHEREAS** on February 13, 2024, Defendant moved to dismiss the First Complaint. (D.E. 4.)  Defendant's Motion raises two principal arguments.  Defendant first contends that Plaintiff lacks standing to sue because she has not alleged that she suffered a concrete injury.  (D.E. 4-8 at 10–17.)  Defendant argues in the alternative that Plaintiff never disputed the debt, and thus, she cannot maintain a claim under section 1692e(8).  (*Id.* at 17–24.)  Plaintiff failed to timely

oppose the Motion, and as a result, this Court deemed it unopposed on March 6, 2024. (D.E. 7.) Six days later, Plaintiff filed two documents—one titled "Amended Complaint" and the other titled "Third Amended Complaint." (D.E. 8 ("Second Complaint") at 1; D.E. 9 ("Third Complaint") at 1.) The Second Complaint is nearly identical to the First Complaint, but it appears to add a few lines with respect to the harm Plaintiff experienced. (D.E. 8 ¶ 13.) The purported Third Complaint seems to be a combination between the First Complaint and a brief in opposition to the Motion. (*See generally* D.E. 9); and

  **WHEREAS** before addressing the instant Motion, this Court must determine the effect of Plaintiff's Second and Third Complaints; and

  **WHEREAS** because Plaintiff failed to comply with Rule 15, this Court will strike the Second and Third Complaints. Rule 15 permits a party to amend "its pleading once as a matter of course" within 21 days of serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Where, as here, an amended complaint does not comply with Rules 15(a)(1) or 15(a)(2), a court has discretion to strike it. *See Ryle v. Fuh*, 820 F. App'x 121, 124 n.3 (3d Cir. 2020). Importantly, although courts liberally construe *pro se* filings, *pro se* plaintiffs are "not exempt from procedural rules or the consequences of failing to comply with them." *Jones v. Sec'y Pa. Dep't of Corr.*, 589 F. App'x 591, 593 (3d Cir. 2014); and

  **WHEREAS** this Court will strike Plaintiff's Second and Third Complaints because Plaintiff failed to file the amended pleadings in accordance with Rule 15, and in any event, the

supposedly amended pleadings do not materially differ from the First Complaint.[1] Therefore, the First Complaint (D.E. 1) is the operative one, and this Court will now address Defendant's Motion to dismiss it. (D.E. 4); and

**WHEREAS** an adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief"); and

**WHEREAS** in considering a motion to dismiss pursuant to Rule 12(b)(6),[2] a district court must conduct a three-step analysis. First, it must "tak[e] note of the elements a plaintiff must plead to state a claim." *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (alteration in original) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). Second, the court "disregard[s] threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Id.* (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)). Third, the court assumes the veracity of all well-pleaded factual allegations, "constru[es] them in the light most favorable to the plaintiff, and draw[s] all reasonable inferences

---

[1] To the extent Plaintiff's Third Complaint is in fact a brief in opposition to the Motion, it is untimely and does not comply with the relevant Local Civil Rules. *See, e.g.*, L.Civ.R. 7.1; L.Civ.R. 7.2. Even if this Court considered the arguments raised therein, it would not warrant an alternative analysis.

[2] Before analyzing Defendant's arguments pursuant to Rule 12(b)(6), this Court notes that the First Complaint has sufficiently alleged that Plaintiff suffered a concrete injury; it states that Plaintiff suffered reputational and emotional harm from Defendant's dissemination of allegedly false information. (D.E. 1 ¶ 13.) Such allegations are sufficient to establish concrete harm. *See Huber v. Simon's Agency, Inc.*, 84 F.4th 132, 148 (3d Cir. 2023) ("[T]he 'harm traditionally recognized as providing a basis for [fraudulent misrepresentation] in American courts' is not the mere receipt of a misleading statement, or even confusion, without any further consequence. It is the 'physical, monetary, or cognizable intangible harm,' such as a reputation or emotional harm that may follow from a plaintiff's '*reliance* upon the misrepresentation." (second alteration in original) (internal citations omitted)).

3

in the plaintiff's favor." *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 328 (3d Cir. 2022). "If, after completing this process, the complaint alleges 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements of a claim, then it plausibly pleads a claim." *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 556). If, however, the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); and

**WHEREAS** to state an FDCPA claim, a plaintiff must allege that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015); and

**WHEREAS** Plaintiff has failed to adequately allege that Defendant violated the FDCPA, and thus, she has failed to state a claim. To be sure, Plaintiff asserts that Defendant violated section 1692e(8), which prohibits debt collectors "from reporting disputed debts to credit agencies without noting the fact of a dispute." *Riccio v. Sentry Credit, Inc.* 954 F.3d 582, 585 (3d Cir. 2020) (en banc). Plaintiff hinges her entire claim on a December 11, 2023 phone call, during which she purportedly challenged the accuracy of the relevant debt. Defendant, however, has attached a transcript of that call, which this Court may consider[3], and it makes clear that Plaintiff did not—

---

[3] The Third Circuit has explained the scope of the pleadings that may be considered on a Rule 12(b)(6) motion as follows:

> [A] district court "may consider *only* the allegations contained in the pleading[s] to determine [their] sufficiency," but is permitted to consider "document[s] *integral to or explicitly relied* upon in the complaint," and "any undisputedly authentic document that a defendant attaches . . . if the plaintiffs' claims are based on the document," without converting the motion into one for summary judgment.

4

in any sense of the word—*dispute*[4] the debt.  Rather, Plaintiff merely asked how the debt had been calculated.  Simply put, the Complaint contains neither allegations to suggest that Plaintiff actually disputed the debt, nor any facts from which this Court could infer that Defendant knew or should have known[5] that this debt was in dispute.  Consequently, the First Complaint does not state an FDCPA claim; therefore

The Second and Third Complaints (D.E. 8, 9) are hereby **STRICKEN**, Defendant's Motion (D.E. 4) is **GRANTED**, and the First Complaint (D.E. 1) is **DISMISSED**.  An appropriate order follows.

                                                                 */s/ Susan D. Wigenton*
                                                     **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
         Edward S. Kiel, U.S.M.J.

---

*Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 n.7 (3d Cir. 2016) (second, third, fourth, and fifth alterations in original).

[4] The FDCPA does not define the term dispute; however, Black's Law Dictionary defines it as "[a] conflict or controversy, esp[ecially] one that has given rise to a particular lawsuit."  *Dispute*, Black's Law Dictionary (11th ed. 2019).

[5] The debt collector must know or have reason to know of the disputed debt.  15 U.S.C. § 1962e(8); *see also Brady v. Credit Recovery Co.*, 160 F.3d 64, 67 (1st Cir. 1998) ("[T]he plain language of § 1962e(8) requires debt collectors to communicate the disputed status of a debt if the debt collector 'knows or should know' that the debt is disputed.").